QUESTIONS: 1. Does a municipality have the power to adopt an ordinance which establishes distance limitations between vendors of beer to be consumed off the premises and churches and schools? 2. Does a municipality have the power to adopt an ordinance regulating the hours of business of vendors of beer to be consumed off the premises?
SUMMARY: In light of s. 563.02(1)(a), F. S., a municipality does not have the authority under general law to establish by ordinance distance limitations between vendors of beer to be consumed off the premises and churches and schools. A municipality does have the power to establish such distance limitations by ordinance as to other alcoholic beverage vendors. Pursuant to s. 168.07, F. S. 1971, as preserved in effect by s. 166.042(1), F. S., and s.562.45(2), F. S., a municipality has the power to adopt an ordinance regulating the hours of business of vendors of beer to be consumed off the premises. AS TO QUESTION 1: In AGO 076-40, it was concluded that, pursuant to s. 168.07, F. S. 1971, as preserved in effect by s. 166.042(1), F. S., of the Municipal Home Rule Powers Act and s. 562.45(2), F. S., of the State Beverage Law, municipalities have the power to establish by ordinance distance limitations between alcoholic beverage vendors and other alcoholic beverage vendors and between alcoholic beverage vendors and churches and schools, provided, of course, that such power is not exercised unreasonably or arbitrarily. Cf. AGO 074-319. Section 168.07, F. S. 1971, repealed by Ch. 73-129, Laws of Florida, the Municipal Home Rule Powers Act, provided in part that municipalities "may regulate and restrain tippling, barrooms and all places where beer, wine or spirituous liquor of any kind is sold." Section 166.042(1), F. S., provides in effect that municipalities may continue to exercise all powers conferred on them by the statutory provisions repealed by Ch. 73-129, including s. 168.07, and s. 562.45(2), F. S., provides as follows: Nothing in the Beverage Law contained shall be construed to affect or impair the power or right of any incorporated municipality of the state hereafter to enact ordinances regulating the hours of business and location of place of business, and prescribing sanitary regulations therefor, of any licensee under the Beverage Law within the corporate limits of such municipality. (Emphasis supplied.) However, it was also noted in AGO 076-40 that s.563.02(1)(a), F. S., creates an exception to this continuing municipal authority to regulate the "location of place of business" of alcoholic beverage vendors. Section 563.02(1)(a) provides as follows: (1) Each vendor of malt beverages containing alcohol of more than 1 percent by weight shall pay an annual state license tax as follows: (a) Vendors operating places of business where beverages are sold only for consumption off the premises, an amount equal to 50 percent of the amount of the license tax herein provided for vendors in the same county operating places of business where consumption on the premises is permitted. Vendors holding such off-premise sales licenses shall not be subject to zoning by municipal and county authorities. (Emphasis supplied.) Accordingly, consistent with AGO 076-40, I am of the opinion that a municipality does not have the power under general law to adopt an ordinance which establishes distance limitations between vendors of beer to be consumed off the premises and churches and schools. See, generally, 8 McQuillin Municipal Corporations s. 25.132, pp. 425-426; cf. AGO's 074-362, 062-123, and 076-98. Your first question is answered in the negative. AS TO QUESTION 2: In AGO 074-362, it was concluded that, pursuant to s. 168.07, F. S. 1971, as preserved in effect by s. 166.042(1), F. S., and s.562.45(2), F. S., municipalities have the power to regulate the hours of business of vendors of alcoholic beverages located within municipal boundaries. See also ss. 561.29(1)(a) and 562.14, F. S., the latter statute prescribing the hours of sale of alcoholic beverages in the absence of an applicable county or municipal ordinance. Thus, consistent with AGO 074-362, and since s.563.02(1)(a), F. S., exempts vendors of beer to be consumed off the premises from municipal and county zoning, but not from municipal regulations pertaining to the hours of business of vendors of alcoholic beverages, I am of the opinion that a municipality has the authority to regulate the hours of business of a vendor of beer to be consumed off the premises. See, generally, 8 McQuillin Municipal Corporations s. 25.53, pp. 132-134. Your second question is answered in the affirmative.